UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Geospan Corporation, a
Minnesota corporation,

Civ. File No. 01-2255 (PAM/SRN)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Facet Technology Corporation
a Minnesota corporation,

Defendant.

---

This matter is before the Court on Plaintiff's Motion to Remand for lack of subject matter jurisdiction. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

The parties have yet to fully develop the facts in this case. Nevertheless, based on the allegations in the Complaint it appears that Plaintiff Geospan Corporation ("Geospan") is a Minnesota corporation in the business of creating and marketing computerized, three-dimensional visualizations of geographic data for various purposes. The Complaint recites that Geospan's goal is to create an e-commerce database containing imagery, mapping, and property records for the top 100 metropolitan areas in the United States.

Facet Technology Corporation ("Facet") is also a Minnesota corporation that develops software. Geospan alleges that, in 1998, it met with Facet to discuss the possibility of

JUL 15 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

creating image recognition software that could be used in conjunction with Geospan's geographic database. Specifically, the parties seem to have been interested in creating software that could recognize and survey signs.

According to Geospan, as part of the negotiations, both parties signed a number of non-disclosure agreements, non-competition agreements, and contracts and then shared confidential information with one another. Eventually, the relationship soured and Geospan now claims that Facet has violated the terms of these agreements and contracts.

Boiling the Complaint down to its essentials, Geospan alleges state law claims for breach of contract, tortious interference with business relations, and deceptive trade practices, and a federal law claim, captioned as a claim for unfair competition, asserting that Facet misrepresented its products and services in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Geospan filed suit against Facet in state court, and Facet removed the action on the basis of federal question jurisdiction. Geospan has now brought this Motion seeking to remand the case back to state court.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants to the district court . . . for the district and division embracing the place where such action is pending." Because Count VI of the Complaint is premised on § 43(a) of the Lanham Act, Facet argues that the Court has original jurisdiction under 15 U.S.C. § 1121(a),

which provides in pertinent part that "[t]he district and territorial courts of the United States shall have original jurisdiction . . . of all actions arising under [the Lanham Act], without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties." Alternatively, Facet contends that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Facet then argues that the Court has supplemental jurisdiction over the state law claims at issue in this matter. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").

Geospan, on the other hand, maintains that 28 U.S.C. § 1338(b) trumps these general jurisdictional provisions. Section 1338(b) states that "[t]he district courts shall have original jurisdiction of any civil action asserting a claim for unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws." 28 U.S.C. § 1338(b). According to Geospan, because it has only asserted a claim for unfair competition under § 43(a), and has not asserted any other claim under the copyright, patent, plant variety protection, or trademark laws, the Court lacks subject matter jurisdiction over this case.

Geospan's argument is unpersuasive. Section 1338(b) "was enacted to authorize a federal court to assume jurisdiction over a non-federal unfair competition claim joined in the same case with a federal cause of action arising from U.S. patent, copyright, plant variety protection, or trademark laws in an effort to avoid 'piecemeal' litigation." Mars Inc. v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368, 1372 (Fed. Cir. 1994) (quoting 28 U.S.C. § 1338(b) note); see Aamco Transmissions, Inc. v. Smith, 756 F. Supp. 225, 227 (E.D. Pa. 1991) (noting that § 1338(b) applies to non-federal claims for unfair competition); Trio Process Corp. v. L. Goldstein's Sons, Inc., 250 F. Supp. 926, 928 (E.D. Pa. 1966) (recognizing that § 1338(b) is a pendent jurisdiction statute giving courts the ability to hear non-federal unfair competition claims). "Pendent jurisdiction under § 1338(b) is not properly invoked then except when necessary to sustain federal jurisdiction of a cause of action for unfair competition arising under state law." Time, Inc. v. T.I.M.E., Inc., 123 F. Supp. 446, 453 (S.D. Cal. 1954).

In this case, § 1338(b) is inapplicable because Geospan claims that Facet made misrepresentations of its goods and services in violation of federal law. The fact that this claim might also be actionable under state law prohibitions against "unfair competition"[1]

---

[1] Part of the difficulty with this particular area of the law is taxonomical. "The common law concept of 'unfair competition' has not been confined to any rigid definition and encompasses a variety of types of commercial or business conduct considered 'contrary to good conscience.'" Mars Inc., 24 F.3d at 1372-73 (citation omitted); see also Rudolf Callmann, The Law of Unfair Competition, Trademarks and Monopolies § 2.02 (4th ed. 2001) ("Because there is no clear concept of unfair competition, there is no clear theory of unfair competition.").

does not alter its federal character. See J. Thomas McCarthy, Lanham Act § 43(a): The Sleeping Giant is Now Wide Awake, 59 Law & Contemp. Probs. 45, 45 (1996) (stating that § 43(a) "is the preeminent federal law for asserting claims in private litigation against two distinct types of 'unfair competition'" including false advertising and product disparagement); Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 750 (8th Cir. 1980) (noting that § 43(a) "creates a federal statutory tort sui generis and does not merely codify the common law principles of unfair competition"); Federal-Mogul-Bower Bearings, Inc. v. Azoff, 313 F.2d 405, 409 (6th Cir. 1963) (recognizing "that[, in § 43(a),] Congress intended to fashion a new federal remedy against a particular kind of unfair competition that the common law had effectively protected"); L'Aiglon Apparel v. Lana Lobell, Inc., 214 F.2d 649, 651 (3d Cir. 1954) (stating that the statutory tort created in § 43(a) "is defined in language which differentiates it in some particulars from similar wrongs which have developed and have become defined in the judge made law of unfair competition"); Natcotainer Corp v. Cont'l Can Co., Inc., 362 F. Supp. 1094, 1100 (S.D.N.Y. 1973) (stating that "[i]t seems clear that § 43(a) of the Lanham Act creates a federal cause of action for false representation of goods in commerce"). Accordingly, a claim for misrepresentation of goods and services under § 43(a) of the Lanham Act is not the sort of "claim for unfair competition" with which § 1338(b) is concerned.

Indeed, it is now settled that 15 U.S.C. § 1121(a) invests the Court with subject matter jurisdiction over a § 43(a) claim. See L'Aiglon, 214 F.2d at 651. In L'Aiglon the court held

that the plaintiff, a dress manufacturer, had standing to assert a claim under § 43(a) against a defendant who had used a photograph of one of the plaintiff's dresses to advertise its own dresses. L'Aiglon, 214F.2d at 651. According to the court, "Congress has defined a statutory civil wrong of false representation of goods in commerce and has given a broad class of suitors injured or likely to be injured by such wrong the right to relief in the federal courts." Id. at 651. Having determined that "no limitation appears on the face of Section 43(a) and none can properly be imposed" which would prevent it from serving as the basis for a federal claim, the court noted that "[o]f course [15 U.S.C. § 1121] makes it unnecessary to show diversity of citizenship or any jurisdictional amount." Id. Accordingly, the court found that the lower court erred by dismissing the complaint for lack of subject matter jurisdiction. The reasoning of L'Aiglon has been adopted by a majority of courts, including the Eighth Circuit. See Black Hills Jewelry, 633 F.2d at 750-51(quoting L'Aiglon, 214 F.2d at 651 ("[H]ere is a provision of a federal statute which, with clarity and precision adequate for judicial administration, creates and defines rights and duties and provides for their vindication in the federal courts.")); Falcon Rice Mill, Inc. v. Cmty. Rice Mill, Inc., 725 F.2d 336, 343 (5th Cir. 1984) (recognizing that § 43(a) creates a claim for certain sorts of unfair competition and, therefore, that 15 U.S.C. § 1121 invested the court with subject matter jurisdiction); Natcotainer Corp. 362 F. Supp. at 1100 (same).

In the wake of L'Aiglon and its progeny, the Court finds that it has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C.

§ 1367(a). Thus, Facet's removal of the case was proper. Accordingly, for the foregoing reasons and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Clerk Doc. No. 5) is **DENIED**.

Dated: July 10, 2002

Paul A. Magnuson
United States District Court Judge