**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

Civil No. 01-2255 PAM/SRN

Geospan Corporation, a Minnesota corporation,

Plaintiff,

v.

Facet Technology Corporation, a Minnesota corporation,

Defendant.

**STIPULATION AND PROTECTIVE ORDER**

It is hereby stipulated and agreed by Plaintiff Geospan Corporation and Defendant Facet Technology Corporation, through their undersigned counsel, as follows:

1. Whenever any person, including a person who is not a party to this action, provides to any party to this action any material that the producing party contends is entitled to confidential treatment, that person (the "producing party") may designate the material as "Confidential." Such material is referred to in this Protective Order as "Confidential Material." A producing party may also designate material as "Attorneys' Eyes Only." Access to such material is limited as provided herein.

2. A producing party may designate as "Confidential" or "Attorneys' Eyes Only" any material provided during discovery or as part of Federal Rules of Civil Procedure 26 disclosures to any party in this action, including, without limitation, documents, testimony at depositions, responses to interrogatories, information obtained from inspection of premises or tangible objects, responses to requests for admission, and documents or testimony furnished pursuant to Federal Rule of Civil Procedure 45.

FILED JAN 2 2 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. To designate documents or written discovery responses as Confidential or Attorneys' Eyes Only Material, the producing party shall mark each page that is entitled to that treatment with a stamp stating that the material is "Confidential" or "Attorneys' Eyes Only." To designate deposition transcripts (or portions thereof) as Confidential or Attorneys' Eyes Only Material, the producing party must notify the other parties of that portion of the transcript that is to be treated as Confidential or Attorneys' Eyes Only Material within thirty (30) days after receipt of the transcript. Testimony given at any deposition may be designated as Confidential or Attorneys' Eyes Only by indicating on the record that the testimony is Confidential or Attorneys' Eyes Only and subject to the provisions of this Stipulated Protective Order. Additionally, specific information in a deposition transcript may be identified by written description, specifying the page and line number that are to be designated as Confidential or Attorneys' Eyes Only and sent to the opposing counsel within thirty (30) days after receipt of the transcript.

4. Except with the prior written consent of the producing party, or as hereinafter provided under this Stipulated Protective Order, Confidential or Attorneys' Eyes Only Material shall not be used by anyone other than the producing party for any purpose other than the prosecution or defense of this action.

5. Persons producing discovery material may designate as "Confidential" any information involving, *inter alia*: (a) trade secrets or other confidential or proprietary information; (b) software, hardware, technological information, plans and/or equipment; (c) marketing, pricing, or financial plans, analysis or projections; or (d) customers or potential customers.

Persons producing discovery material may designate as "Attorneys' Eyes Only" any information that it believes in good faith constitutes the producing party's highly confidential information, including, *inter alia:* (a) trade secrets; (b) software, hardware, technological information, plans and/or equipment; (c) marketing, pricing, or financial plans, analysis or projections; (d) customers or potential customers; or (e) non-public business plans, strategies, or projections or other highly confidential or proprietary information.

6. Except with the prior written consent of the producing party, or absent the prior order of this Court, material designated as "Confidential" may not be disclosed to any person other than:

a. The officers, directors and employees of the parties in this case;

b. Outside counsel for the parties to this action, including the paralegal, clerical and secretarial staff employed by such counsel;

c. Officers, employees or representatives of the party producing such material;

d. Experts and outside consultants retained by a party to assist in the prosecution, defense or settlement of this action, and persons regularly employed by such experts and consultants;

e. Persons with prior knowledge of the documents or the confidential information contained therein and their agents;

f. Deponents or potential witnesses in this action;

g. Court reporters and their staff;

h. The Court and any persons employed by the Court; and

i. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Before disclosure of Confidential Information is made to any person other than counsel of record, their employees, and designated employees of the parties, or the Court or its personnel, that person shall first read a copy of this Protective Order and in writing agree to be bound by its terms by executing a "Confidentiality Agreement" in the form appended hereto as Exhibit A. Counsel shall maintain a list of all persons to whom that party discloses the other party's (or non-party's) Confidential Information and shall retain a copy of all Confidentiality Agreements signed by such persons.

7. Unless otherwise stipulated by the parties, Material designated as "Attorneys' Eyes Only" may be disclosed, summarized or otherwise communicated in whole or part only to the following persons:

a. Outside counsel for the parties to this action, including the paralegal, clerical and secretarial staff employed by such counsel;

g. Court reporters and their staff;

h. The Court and any persons employed by the Court; and

i. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

8. Material designated as "Attorneys' Eyes Only" may also be disclosed, summarized or otherwise communicated in whole or in part to (i) experts or outside consultants (see paragraph 6(b)) retained by a party to assist in the prosecution, defense or settlement of this action and (ii) persons regularly employed by such experts and consultants, provided that any such expert, consultant, or person: (i) is specifically retained to provide consultation or testimony in this action; (ii) is not an employee of any party during this action and has not received an offer or promise of employment, either conditional or unconditional, prior to the

conclusion of this action, including any appeals; (iii) does not receive any remuneration or consideration, directly or indirectly, from any party except as fees and disbursements paid for consultation and/or testimony in this action; (iv) has no financial interest in this litigation (other than the fees and disbursements paid for consultation and/or testimony in this action) or the outcome thereof; and (v) has read this Protective Order and agrees to abide by its terms by executing a copy of Exhibit A hereto.

9. With respect to those retained by the parties under paragraph 6(d), the producing party shall not be entitled to know to whom its Confidential Information or Attorneys' Eyes Only Material will be disclosed. Except on order of the Court, a party, during the pendency of this action, shall not be entitled to inspect or receive a copy of any "Confidentiality Agreement" with respect to those falling within the paragraph 6(d) category, but shall only be able to obtain assurance of compliance with these requirements by submitting a written request to the Court that it review in camera the original of all executed "Confidentiality Agreements" along with one or more sworn affidavits setting forth the identities of all persons to whom Confidential Information or Attorneys' Eyes Only Materials has been disclosed. Within twenty (20) days after the conclusion of trial and all other appeals or any other termination of this action, any party may request that any other party provide to it a copy of each "Confidentiality Agreement" executed by such expert, consultant or person falling within the parameters of paragraph 6(d). For those persons not falling within the parameters of paragraph 6(d), the producing party shall be entitled to obtain copies of the executed "Confidentiality Agreements" for such persons.

10. A party may use Attorneys' Eyes Only information, or a document containing Attorneys' Eyes Only information, at a deposition only if the person being deposed: (i) is the

author of the document containing the Attorneys' Eyes Only information at issue (or is specifically designated as receiving a copy thereof); (ii) previously had access to the Attorneys' Eyes Only information at issue, as demonstrated by the face of the document; or (iii) is an employee of the person or entity producing the Attorneys' Eyes Only information at issue. At such a deposition, the Attorneys' Eyes Only information or document may be disclosed only to persons otherwise permitted to see it under the provisions of this Stipulated Protective Order.

11. If any party files with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, summarizing, excerpting, or otherwise embodying Confidential or Attorneys' Eyes Only Material, the party will request that the pleading or other paper in which the Confidential or Attorneys' Eyes Only Material is embodied be filed and maintained under seal and be unavailable for public inspection. The party making the filing shall be responsible for filing the pleading or other paper in a sealed envelope, with a cover sheet stating:

> Confidential [or Attorneys' Eyes Only] - this document is subject to a Stipulated Protective Order approved by the Court and may not be examined or copied except in compliance with that Order.

12. If a party objects to the designation of any material as Confidential or Attorneys' Eyes Only Material, the party may file a noticed motion challenging the designation. To maintain Confidential or Attorneys' Eyes Only Material status, the proponent of the Confidential or Attorneys' Eyes Only Material claim must show that is entitled to such protection under applicable law. Pending resolution of a dispute over whether material should be accorded confidential treatment, all parties and all other persons bound by this Order shall continue to treat

the material as Confidential or Attorneys' Eyes Only Material until the issue is resolved by the Court.

13. Subject to the Federal Rules of Evidence, stamped Confidential or Attorneys' Eyes Only Material documents and other information may be offered in evidence during trial provided that the proponent of the evidence takes reasonable steps to afford counsel for the producing party the opportunity to move the Court for an order that the evidence be received in camera or under conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential or Attorneys' Eyes Only Material and, if so, what protection, if any, may be afforded to such information during trial.

14. If any Confidential or Attorneys' Eyes Only Material is inadvertently provided to a discovering party without being marked as Confidential or Attorneys' Eyes Only Material in accordance with this Protective Order, the failure to so mark the material shall not be deemed a waiver of its Confidential or Attorneys' Eyes Only Material status. Until the material is designated as Confidential or Attorneys' Eyes Only Material by the producing party, however, the discovering party shall be entitled to treat the material as non-confidential.

15. Nothing herein shall prevent disclosure beyond the terms of this Stipulated Protective Order if the party providing Confidential or Attorneys' Eyes Only Material consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. This Stipulated Protective Order is without prejudice to the right of any party to seek modification of this Protective Order, to apply to the Court for permission to disclose

Confidential or Attorneys' Eyes Only Material, or to apply to the Court for an Order imposing further restrictions on specified Confidential or Attorneys' Eyes Only Material.

16. Nothing contained in this Protective Order shall preclude any party from using its own Confidential or Attorneys' Eyes Only Material in any matter it sees fit, or from revealing such Confidential or Attorneys' Eyes Only Material to whomever it chooses, without the prior consent of the other parties or the Court.

17. This Stipulated Protective Order does not prevent disclosure of Confidential or Attorneys' Eyes Only Material if a party who received Confidential or Attorneys' Eyes Only Material is later required by law, regulation, subpoena, or order to disclose or provide that Confidential or Attorneys' Eyes Only Material to any person or to any judicial, governmental, or administrative body. The party required by law, regulation, subpoena, or order to disclose or provide such information, however, must give the other party whose Confidential or Attorneys' Eyes Only Material is at issue prior written notice before any such disclosure is made.

18. Acceptance of any materials stamped "Confidential" or "Attorneys' Eyes Only" shall not be construed as an admission by the party receiving these materials that the materials actually contain Confidential or Attorneys' Eyes Only information.

19. Within ninety (90) days after final conclusion of all aspects of this case, all Confidential or Attorneys' Eyes Only Material and copies thereof, except for any such information that becomes part of the public record in proceedings of the Court, shall be returned to the producing party by all persons to whom such material has been furnished.

20. This Stipulated Protective Order will take effect upon execution by the parties.

Dated: Jan 17, 2003

KELLY & BERENS, P.A.

By: [signature]

Barbara P. Berens, #209788
John D. Bessler, #218418
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 349-6171

***Attorneys for Geospan Corporation***

Dated: 20 Jan., 2003

COLEMAN, HULL & VAN VLIET, PLLP

By: [signature]

Timothy J. Duncan, #180658
Donald R. McNeil, #200840
8500 Normandale Lake Boulevard
Suite 2110
Minneapolis, MN 55437
(612) 841-0001

***Attorneys for Facet Technology Corporation***

It is so ordered.

Dated: January 22, 2003

BY THE COURT: Susan Richard Nelson

Susan Richard Nelson
Magistrate Judge of the District Court

**EXHIBIT A**

**AGREEMENT TO RESPECT CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION**

I am fully familiar with the Protective Order of the District Court issued on the _____ day of ____________________, 2002, in the case of Geospan Corporation v. Facet Technology Corporation, Civil No. 01-2255 (PAM/SRN), in the United States District Court for the District of Minnesota, a copy of which Protective Order has been delivered to me to keep with my copy of this Confidentiality Agreement, and I agree to be bound by all terms of said Protective Order. I agree that breach of the terms of this Confidentiality Agreement and the Protective Order would place me in contempt of the Court and would be directly actionable by any person or entity whose Confidential or Attorneys' Eyes Only Material is disclosed in violation of this Confidentiality Agreement and the Protective Order, at law and equity. I understand that the terms Confidential or Attorneys' Eyes Only Material have the meaning provided in said Protective Order.

________________________________________
(Signature)

________________________________________
(Name Printed)

________________________________________
(Street Address)

________________________________________
(City) (State) (Zip Code)

Subscribed and sworn to before me
this ______ day of __________, _____.

______________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.